UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------x
DUPONT AUTHENTICATION SYSTEMS, LLC..,

                              Plaintiff,

              - against -

JAKKS PACIFIC, INC.,

                              Defendant.

------------------------------------------------------------------x

302 Civ. 2193 (MRK)

## LOCAL RULE 56(a)(1) STATEMENT

The Defendant, by its attorney, Bruce Robins, Esq., hereby submits the following statement of facts as to which there is no genuine issue to be tried, pursuant to Local Rule 56(a)(1):

    1.     Defendant JAKKS Pacific, Inc. ("JAKKS") is in the toy business. Its products include figures of World Wrestling Entertainment ("WWE") formerly the World Wrestling Federation ("WWF") wrestling personalities and other wrestling related toys, which it manufactures under license from the WWE. See pp. 9, 18-19 from the transcript of the deposition of Stacey Pauly ("Pauly"), relevant pages of which are annexed to the accompanying affidavit of Bruce Robins (the "Robins Affidavit") as Exhibit M.

    2.     Plaintiff manufactures, *inter alia*, holographic labels, and was licensed by the WWF to make labels for WWF-related merchandise. See Amended Complaint, part of Exhibit A to the Robins Affidavit.

    3.     On or about January 15, 2002, plaintiff faxed to defendant a document containing general information about the terms at which it offered WWF holographic labels for sale. See

fax dated 1/15/02 from George Ferrera ("Ferrera") of the plaintiff to Stacey Pauly ("Pauly") of JAKKS, annexed as Exhibit B to the Robins Affidavit.

4. On or about 1/16/02, JAKKS emailed a request that the plaintiff "let [JAKKS] know **what you need from [JAKKS] to place this order**". See email dated 1/16/02 from Pauly to Ferrera, annexed as Exhibit C to the Robins Affidavit.

5. Plaintiff replied with an email listing various information which it would need to enter into an agreement for the sale of holographic labels to JAKKS. See email dated 1/16/02 from Ferrera to Pauly, annexed as Exhibit D to the Robins Affidavit.

6. JAKKS never provided the needed information, nor submitted a purchase order, to the plaintiff. See pp. 36 and 56 from the transcript of Ferrara's deposition (Exhibit K to Robins Affidavit), and pp. 29-30 and 75 from the transcript of Pauley's deposition (relevant pages annexed as Exhibit M to the Robins Affidavit).

7. The plaintiff claims, based solely on the above communications, that it contracted to sell JAKKS 10,000,000 WWF holographic labels (the "Labels") for a total of $150,000, on January 16, 2002. See pp. 58-59 from the transcript of Ferrara's deposition, and plaintiff's amended complaint, part of Exhibit A and Exhibit K respectively to the Robins Affidavit.

8. Plaintiff acknowledged several times that JAKKS had not contracted with it to purchase the Labels, which admissions include, *inter alia*:

> a) in an email Ferrera sent to Florence Di Giorgio ("Di Giorgio") of the WWE on 1/17/02, in which Ferrera stated "I have been contacted by '[JAKKS] and they **wish to place** another order ... . Although **I have not received the hardcopy** yet, it looks like I will be receiving it shortly." 1/17/02 email from Ferrera to Di Giorgio annexed as Exhibit E to Robins Affidavit (emphasis supplied);

b) plaintiff did not enter JAKKS's supposed 1/16/02 order for the Labels into its computer system until May 15, 2002 even though orders were typically entered into the system within a "few days, a week". See Ferrera Transcript, Exhibit K to Robins Affidavit, p.67; invoice, Exhibit J to Robins Affidavit;

c) in an email to Di Giorgio, sent after being informed by JAKKS that things were on hold due to the WWE name change, Ferrera wrote that Pauly had told him that "she will not be placing an order", not that she was **cancelling an already existing order**. See 4/3/02 email from Ferrera to Di Giorgio, annexed as Exhibit G to the Robins Affidavit; and

d) if JAKKS had ordered the Labels, it would have fully depleted plaintiff's inventory. See Ferrera Transcript, Exhibit K to Robins Affidavit, p.63. Yet in mid-February, 2002, a month after plaintiff claims JAKKS had ordered the Labels but 3 months before plaintiff shipped the Labels (see Ferrera Transcript, p.31) plaintiff wrote that its inventory of "10 million JAKKS stickers will be depleted with their **next order**". See email dated 2/14/02 from Richard Zucker to Ira Berg, annexed as Exhibit H to the Robins Affidavit (emphasis supplied).

Dated: April 9, 2004

         The Defendant,

By: _____
Bruce Robins - CT25687
c/o Feder Kaszovitz Isaacson Weber Skala
   Bass & Rhine, LLP
750 Lexington Avenue
New York, New York 10022-1200
(212) 888-8200

X:\WPDOC\BR\jakdupsmuf.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------x

DUPONT AUTHENTICATION SYSTEMS, LLC..,

                     Plaintiff,

     - against -

JAKKS PACIFIC, INC.,

                     Defendant.

-------------------------------------------------------------------x

302 Civ. 2193 (MRK)

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

State of New York  )
                         )ss:
County of New York )

**Bruce Robins,** being duly sworn, deposes and says as follows:

1.     I am an attorney duly admitted to practice law before this Court as a visiting attorney representing the defendant, JAKKS Pacific, Inc. ("JAKKS"). I submit this affidavit in support of JAKKS's motion seeking summary judgment dismissing plaintiff's complaint, and to set before the Court true copies of the following documents:

    a)     plaintiff's amended complaint and defendant's answer thereto, annexed as Exhibit A;

    b)     a fax dated 1/15/02 from George Ferrera ("Ferrera") of the plaintiff to Stacey Pauly ("Pauly") of JAKKS, annexed as Exhibit B;

    c)     an email dated 1/16/02 from Pauly to Ferrera, annexed as Exhibit C;

    d)     an email dated 1/16/02 from Ferrera to Pauly, annexed as Exhibit D;

e)  an email dated 1/17/02 from Ferrera to Florence Di Giorgio ("Di Giorgio), annexed as Exhibit E;

f)  an email dated 1/17/02 from Pauly to Ferrera; an email dated 1/22/02 from Ferrera to Pauly; an email dated 1/22/02 from Pauly to Ferrera; and an email dated 1/23/02 from Pauly to Ferrera, collectively annexed as Exhibit F;

g)  an email dated 4/3/02 from Ferrera to Di Giorgio, annexed as Exhibit G;

h)  an email dated 2/14/02 from Richard Zucker to Ira Berg, annexed as Exhibit H;

i)  an email dated 5/29/02 from Andy Rickelmann ("Rickelmann") to Ferrera, annexed as Exhibit I;

j)  invoice dated 5/10/02, from plaintiff to JAKKS, annexed as Exhibit J;

k)  transcript of the deposition of George Ferrera, annexed as Exhibit K;

l)  transcript of the deposition of Thomas Robert Foster, annexed as Exhibit L;

m)  relevant pages from the transcript of Pauly's deposition, annexed as Exhibit M; and

n)  relevant pages from the transcript of Rickelmann's deposition, annexed as Exhibit N.

2. For all the foregoing reasons, as well as those submitted in the accompanying memorandum of law, defendant's motion for summary judgment dismissing plaintiff's complaint should be granted in its entirety.

Bruce Robins - CT25687

Sworn to before me this
12th day of April, 2004

Notary Public

GLORIA L. McALLISTER
Notary Public, State of New York
No. 01MC4668688
Qualified in Kings County
Commission Expires March 30, 2006

X:\WPDOC\Br\jakdupbrsjaff.wpd