Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DuPONT AUTHENTICATION SYSTEMS, LLC<br>**Plaintiff**<br><br>V.<br><br>JAKKS PACIFIC, INC.<br>**Defendant** | CIVIL ACTION NO.:<br>3:02 CV 2193 (AWT)<br><br>AUGUST 22, 2003 |

## PLAINTIFF'S AMENDED COMPLAINT

In accordance with the order of this court dated August 19, 2003, the plaintiff herein submits its amended complaint as attached.

Dated at: Westport, Connecticut
August 22, 2003

**DuPONT AUTHENTICATION SYSTEMS, LLC**
By Its Attorneys,

_____
Alexander J. Trembicki
Lynch, Trembicki, Martelon & Boynton
225 Main Street
Suite 103
Westport, CT 06880
Telephone No.: 203.227.6808
Federal Juris No.: CT 06889

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, to all counsel of record on this date, August 22, 2003 as follows:

Bruce Robins, Esq.
Feder, Kaszovitz, Isaacson,
Weber, Skala, Bass & Rhine, LLP
750 Lexington Avenue
New York, NY 10022-1200
(counsel for Jakks Pacific, Inc.)

Toby M. Schaffer, Esq.
Shapiro & Siegel, P.C.
162 Bedford Street
Stamford, CT 06901
(counsel for Jakks Pacific, Inc.)

_____
ALEXANDER J. TREMBICKI

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DuPONT AUTHENTICATION SYSTEMS, LLC<br>    Plaintiff<br><br>V.<br><br>JAKKS PACIFIC, INC.<br>    Defendant | CIVIL ACTION NO.:<br>3:02 CV 2193 (AWT)<br><br>AUGUST 22, 2003 |

## PLAINTIFF'S AMENDED COMPLAINT

1. The plaintiff, DuPont Authentication Systems, LLC is a limited liability company with a place of business at 56 Cherry Street, Bridgeport, Connecticut (hereinafter DAS).

2. The defendant, Jakks Pacific, Inc. (hereinafter Jakks) is an unregistered foreign corporation doing business in the State of Connecticut with a place of business at 22761 Pacific Coast Highway, Suite 226, Malibu, California.

3. On or about January 16, 2002 the defendant, Jakks, placed an electronic mail order to the plaintiff at its place of business in Bridgeport for 10,000,000 (10 million) WWF ½" by ½" holographic stickers ("the stickers").

4. The plaintiff (as well as its predecessor in interest, Label Systems, Inc.) and the defendant prior to January 16, 2002 had established a course of

custom and dealing under which the prices for said holographic stickers and the sale and delivery terms had been previously established.

5. The terms under which the plaintiff manufactured the stickers were a price of 0.015 cents per sticker, which stickers were to be produced in Bridgeport, Connecticut for delivery to Jakks facility in Hong Kong FOB Bridgeport, thus making the total contract price $150,000.00.

6. The stickers are unique items and required that the plaintiff order special material and in reliance on the order the plaintiff did in fact order the materials for said order.

7. In accordance with the defendant's order the plaintiff produced the stickers and delivered the same to the defendant in accordance with the defendant's order.

8. On or about May 10, 2002 the plaintiff shipped the stickers in the total quantity of 10,005,000 stickers having a total sales price of $150,075.00 to the defendant, Jakks, in Hong Kong.

9. After the labels were shipped to Hong Kong the defendant, Jakks, wrongly attempted to repudiate the order and to rescind the contract and has refused to pay for the same.

10. The stickers were specially manufactured for the defendant and as such the plaintiff cannot re-use the same for any other purpose.

11.  As a result of the defendant's breach of contract and wrongful rescission as aforesaid the plaintiff has suffered money damages including the unpaid contract price, plus incidental damages.

WHEREFORE, the plaintiff claims

1. Money damages;

2. Interest; and

3. Costs.

DuPONT AUTHENTICATION SYSTEMS, LLC
By Its Attorneys,

_____
Alexander J. Trembicki
Lynch, Trembicki, Martelon & Boynton
225 Main Street
Suite 103
Westport, CT  06880
Telephone No.:  203.227.6808
Federal Juris No.:  CT 06889

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DuPONT AUTHENTICATION SYSTEMS, LLC<br>　　　　Plaintiff<br><br>V.<br><br>JAKKS PACIFIC, INC.<br>　　　　Defendant | CIVIL ACTION NO.:<br>3:02 CV 2193 (AWT)<br><br>AUGUST 22, 2003 |

## AMOUNT IN DEMAND

The amount in demand is not less than $15,000.00, exclusive of interest and costs.

Dated at: Westport, Connecticut
August 22, 2003

DuPONT AUTHENTICATION
SYSTEMS, LLC
By Its Attorneys,

_____
Alexander J. Trembicki
Lynch, Trembicki, Martelon & Boynton
225 Main Street
Suite 103
Westport, CT 06880
Telephone No.: 203.227.6808
Federal Juris No.: CT 06889

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, to all counsel of record on this date, August 22, 2003 as follows:

Bruce Robins, Esq.
Feder, Kaszovitz, Isaacson,
Weber, Skala, Bass & Rhine, LLP
750 Lexington Avenue
New York, NY 10022-1200
(counsel for Jakks Pacific, Inc.)

Toby M. Schaffer, Esq.
Shapiro & Siegel, P.C.
162 Bedford Street
Stamford, CT 06901
(counsel for Jakks Pacific, Inc.)

ALEXANDER J. TREMBICKI

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------------x
DUPONT AUTHENTICATION SYSTEMS, LLC.,          302 Civ. 2193 (AWT)

                Plaintiff,

    - against -                              **ANSWER TO**
                                                   **AMENDED COMPLAINT**
JAKKS PACIFIC, INC.,

                Defendant.
----------------------------------------x

    Defendant JAKKS Pacific, Inc. ("JAKKS"), by its attorneys Shapiro & Siegel, P.C., answers the plaintiff's amended complaint as follows:

    1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

    2.   Denies the allegations contained in paragraphs 3, 4, 5, 6, 7, 10, and 11.

    3.   Denies the allegations contained in paragraph 2 except admits that JAKKS is a Delaware corporation with its principal place of business at 22761 Pacific Coast Highway, Malibu, California.

    4.   Denies the allegations contained in paragraph 8 except admits that the plaintiff shipped a number of stickers to a Hong Kong address no longer used by JAKKS in or about May, 2002.

    5.   Denies the allegations contained in paragraph 9 except admits that JAKKS has refused to pay for the stickers, which it did not order and which are of no use to it.

## AS AND FOR A FIRST SPECIAL DEFENSE

6. The complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND SPECIAL DEFENSE

7. The contract alleged by the plaintiff violates the Connecticut Uniform Commercial Code Statute of Frauds (§42a-2-201 of the Connecticut General Statutes).

## AS AND FOR A THIRD SPECIAL DEFENSE

8. If a contract had existed pursuant to which JAKKS had ordered labels from the plaintiff, the plaintiff could not enforce it due to its material breaches of said contract.

**WHEREFORE**, defendant demands judgment:

a) dismissing the complaint;

b) for the costs and disbursements of this action; and

c) for such other and further relief as this Court deems just and equitable.

Dated:  September 8, 2003
        New York, New York

Respectfully submitted,

SHAPIRO & SIEGEL, P.C.
Attorneys for Defendant
JAKKS Pacific, Inc.

By: _____
    TOBY M. SCHAFFER #303068
162 Bedford Street
Stamford, CT 06901
(203) 327-2273

X:\WPDOC\BR\JAKDUPansamendedcom.wpd