**Exhibit N**

1              UNITED STATES DISTRICT COURT

2                 DISTRICT OF CONNECTICUT

3                                         **CERTIFIED COPY**

4  DUPONT AUTHENTICATION SYSTEMS,  ) CIVIL ACTION NO.:
   LLC,                            ) 3:02 CV 2193(MRK)
5                                  )
                       PLAINTIFF,  )
6                                  )
           VS.                     )
7                                  )
   JAKKS PACIFIC, INC.,            )
8                                  )
                       DEFENDANT.  )
9  _____ )

10

11

12

13

14

15                    DEPOSITION OF

16                   ANDREW RICKELMANN

17                  MALIBU, CALIFORNIA

18                  FEBRUARY 4, 2004

19

20

21 ATKINSON-BAKER, INC.
   COURT REPORTERS
22 330 North Brand Boulevard, Suite 250
   Glendale, California  91203
23 (818) 551-7300

24 REPORTED BY: JULEE SOKOL, CSR NO. 11319

25 FILE NO.:    9E00786

                                                          1

1                    ANDREW RICKELMANN,

2              having first been duly affirmed, was

3              examined and testified as follows:

4

5                         EXAMINATION

6    BY MR. TREMBICKI:

7        Q.    Would you state your name and address, please?

8        A.    Andrew Rickelmann, 1635 Bradford Avenue,

9    Westlake Village, California 91361.

10       Q.    Mr. Rickelmann, my name is Alex Trembicki.   I'm

11   an attorney.   I represent DuPont Authentication Systems

12   in a case that DuPont has brought against Jakks Pacific,

13   Inc.   And, again, for the record I think we'll note

14   that Ezio --

15       MR. SCALDAFERRI:  Scaldaferri.

16       MR. TREMBICKI:   -- Scaldaferri -- I'm sorry -- is

17   here on behalf of the firm Feder, Kaszovitz, Isaacson,

18   Weber, Skala, Bass and Rhine, to defend the deposition;

19   although, they do not actually have an appearance in the

20   case.   Although, I've been dealing with Mr. Robbins from

21   Mr. Scaldaferri's office.

22            Is that right, Sir?

23       MR. SCALDAFERRI:  That's correct.

24       Q.   BY MR. TREMBICKI:  I'm going to be asking you a

25   series of questions about what you know about that case.

1   record.  So let the record reflect that this witness ha

2   stated three times this morning that that was a quote

3   received by Jakks from -- from the former company Labels

4   Systems, Inc., not a purchase order from Jakks, Labels

5   Systems, Inc.

6        Having said that, ask your next question.

7        MR. TREMBICKI:  The record reflects what the record

8   already reflects.

9        MR. SCALDAFERRI:  Absolutely.

10       MR. TREMBICKI:  I got to tell you that I find this

11  conduct so offensive that you interrupt and testify and

12  speak.  It's completely beyond the pale.

13       MR. SCALDAFERRI:  Mr. Trembicki, you know what's

14  beyond the pale, that you, after he has told you that

15  this is a quote, try to suggest in your question that it

16  was a purchase order.  When you well know and you showed

17  him before and it's been marked that there was a

18  follow-up actual order.  But that's okay.

19       MR. TREMBICKI:  Anything else?  Any other speeches?

20       MR. SCALDAFERRI:  Ask your question.

21       MR. TREMBICKI:  Any other speeches?

22       MR. SCALDAFERRI:  You want to ask a question?

23       Q.   BY MR. TREMBICKI:  Mr. Rickelmann, in response

24  to Ms. Pauly's e-mail, May 31, '02, on page 15-A,

25  8:28 A.M., it refers to the old H.K. address.  Okay.

1           That was the address that was in the file

2   already?

3       A.   Yes, Sir.

4       Q.   Had the company moved?

5       A.   We relocated our Hong Kong office.  Yes.

6       Q.   Now, if you refer to page 15-B, second page,

7   there is an e-mail from Ms. Pauly to you after she's --

8   apparently, you need to read all the e-mails after she's

9   apparently reviewed the samples.  It starts on the first

10  page.

11      A.   Yes.

12      Q.   After she's reviewed the samples that were

13  provided to you at this point, she's telling you that

14  these labels are incorrect among other things.

15           Actually, they're the wrong ones; right?

16      MR. SCALDAFERRI:  Yeah.  You would have to go to --

17      MR. TREMBICKI:  Page two.

18      MR. SCALDAFERRI:  You have to go all the way --

19      THE WITNESS:  Oh.  I'm sorry.

20      MR. TREMBICKI:  I'm sorry.  Page 15.

21      MR. SCALDAFERRI:  Correct.  It's "B" and "C."

22      Q.   BY MR. TREMBICKI:  Well, let's make his -- his

23  is different.  Let me use your pen.

24      MR. SCALDAFERRI:  Oh, I see.

25      THE WITNESS:  Okay.

1  STATE OF CALIFORNIA          )
                                ) SS.
2  COUNTY OF  Los Angeles       )

3

4

5

6

7      I, the undersigned, declare under penalty of

8  perjury that I have read the foregoing transcript, and I

9  have made any corrections, additions or deletions that I

10  was desirous of making; that the foregoing is a true and

11  correct transcript of my testimony contained therein.

12      EXECUTED this __2__ day of March, 2004, at

13  Malibu          ,  California          .
        [City]            [State]

14

15

16      Andrew Rickelmann

17  _____
        ANDREW RICKELMANN, Witness

18

19

20

21

22

23

24

25

                                                    69